UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY L. BELL, <br><br> Plaintiff, <br><br> v. <br><br> GINA SANDOVAL, et. al., <br><br> Defendants. | CASE NO. 1:10-cv-00704-OWW-GBC (PC) <br><br> FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM <br><br> (Doc. 1) |

**I.   Procedural History**

Plaintiff Cory Bell ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 22, 2010, Plaintiff filed the original complaint which is presently before this Court.  (Doc. 1).

**II.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

'Under § 1915A, when determining whether a complaint states a claim, a court must accept

1

as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.' *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir.2000). 'Additionally, in general, courts must construe pro se pleadings liberally.' *Id.* A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III.     Plaintiff's Complaint

Plaintiff is a state prisoner at Centinela State Prison in Imperial, California. The acts he complains of occurred at Kern Valley State Prison (KVSP) in Delano, California. In the complaint, Plaintiff names Warden K. Harrington in his official capacity and laundry staff Gina Sandoval as defendants in this action. It is unclear what remedy Plaintiff seeks. In his complaint, Plaintiff states that administrative remedies are exhausted because monetary compensation is outside the scope of the administrative process. (Doc. 1 at 2). However, in response to the complaint form that directs Plaintiff to state what relief he requests from the Court, Plaintiff states that he seeks the Court to "assist [him] in suing the laundry staff . . . and warden . . . . Also assist [him] with counsel." (Doc. 1 at 3).

On December 7, 2009, Defendant Sandoval,[1] who was a female employee who worked at the laundry window at KVSP, refused to give Plaintiff his clean laundry unless Plaintiff removed all of his clothes except for his underwear. (Doc. 1 at 3). Plaintiff reluctantly removed his clothes. (Doc.

---

[1] Although Plaintiff names Gina Sandoval (laundry staff) as a defendant, Plaintiff neglects to name Defendant Sandoval in the narrative of his complaint. However, for the purposes of screening, the Court will presume Plaintiff is referring to Defendant Sandoval.

2

1 at 3). Plaintiff was outside in the rain in his underwear. (Doc. 1 at 3). Due to the "slightly hard" rainfall, Plaintiff's genitalia was exposed to Defendant Sandoval. (Doc. 1 at 3). Defendant Sandoval ordered Plaintiff to turn around so that his back was facing her and to have him walk backwards to her. (Doc. 1 at 3). Upon reaching the laundry window, she order Plaintiff to turn around in order to receive his clean laundry. (Doc. 1 at 3). Plaintiff felt violated and embarrassed and believes that all of Defendant Sandoval's demands demonstrated a blatant disregard to his feelings as a human being. Plaintiff states that Defendant Sandoval has a pattern of this behavior and attaches a sheet listing thirteen other inmates' signatures, presumably to demonstrate that the same has occurred to them.

### IV. Plaintiff's Claims

#### A. Rights Under Fourth Amendment

The Fourth Amendment guarantees the right of individuals to be secure against unreasonable searches, and its protections are not extinguished upon incarceration. *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir.1988); *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979), and *Turner v. Safley*, 482 U.S. 78, 87-91 (1987). "The desire to shield one's unclothed figure from [the] view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." *York v. Story*, 324 F.2d 450, 455 (9th Cir.1963); *see also Michenfelder*, 860 F.2d at 333 (same). However, the physical set up of prisons permits the viewing of inmates at all times which, at times, include women staff having obscured views of inmates' bodies. *See Grummett v. Rushen*, 779 F.2d 491, 495-96 (9th Cir.1985); *see also Byrd v. Maricopa County Sheriff's Dept.*, 629 F.3d 1135, 1141 (9th Cir. 2011). In *Grummett*, 779 F.2d at 493, 495, "[the Ninth Circuit] upheld a system of assigning female officers within a correctional facility such that they occasionally viewed male inmates in various states of undress and regularly conducted routine pat-down searches of inmates that did not involve intimate contact with the inmate's body." *Byrd v. Maricopa County Sheriff's Dept.*, 629 F.3d 1135, 1142 (9th Cir. 2011).

Unlike an ordered search where the objective is to see a prisoner's body and a prisoner is not allowed to shield himself, in this instance Plaintiff was free to "shield [his] unclothed figure from

3

[the] view of strangers . . . of the opposite sex . . . ." *York*, 324 F.2d at 455. Although not all of these methods may have been viable options, Plaintiff could have chosen to: 1) rearrange his underwear in a manner that did not expose his genitalia; 2) cover his genitalia with his hands; 3) sit down with his knees bent ahead of him; 4) disrobed close enough to the window that the laundry staff would be unable to see Plaintiff from the waist down; or 5) leaned his back against a wall with his knees ahead of him in a way that hid his genitalia from view. Moreover, the "occasional viewing of male inmates in various states of undress" fails to state a constitutional claim upon which relief may be granted. *See Byrd v. Maricopa County Sheriff's Dept.*, 629 F.3d 1135, 1142 (9th Cir. 2011) (citing *Grummett*, 779 F.2d at 493, 495).

In general, before dismissing a pro se civil rights complaint for failure to state a claim, a district court must give the litigant a statement of the complaint's deficiencies and leave to amend the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir.2000); *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009); *Frost v. Fox*, 53 F.3d 338, *2 (9th Cir. 1995) (citing *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, leave to amend is not required where it is absolutely clear that the deficiencies of the complaint can not be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir.2000); *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009); *Frost*, 53 F.3d at *2 (citing *Karim-Panahi*, 839 F.2d at 623). Therefore, the Court recommends dismissing the action for failure to state a claim upon which relief may be granted since it is apparent that amending the complaint could not correct defects of this claim by alleging different facts.

## V.    **RECOMMENDATION**

Plaintiff's complaint does not state a claim upon which relief may be granted for events described in complaint regarding an incident with a member of the laundry staff occurring on December 7, 2009. As it is apparent that leave to amend could not correct defects of his claim, it is HEREBY RECOMMENDED that:

1.    Plaintiff's Fourth Amendment claim be dismissed for failure to state a claim upon

|   |   |   |
|---|---|---|
| 1 |   | which relief could be granted; |
| 2 | 2. | Defendant Harrington in a official capacity as warden and Defendant Sandoval in her |
| 3 |   | individual capacity be dismissed from this action based on Plaintiff's failure to state |
| 4 |   | any claims upon which relief may be granted against them. |

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 26, 2011

UNITED STATES MAGISTRATE JUDGE